NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
PINE BELT AUTOMOTIVE, INC.          :
:
:
:
:   CIVIL ACTION NO. 06-5995 (JAP)
:
         Plaintiff,     :
    v.                              :   **OPINION**
:
ROYAL INDEMNITY COMPANY and         :
    GRANITE STATE INSURANCE         :
    COMPANY, MEMBER                 :
    AMERICAN INTERNATIONAL          :
    GROUP, INC.                     :
:
         Defendants.    :
_____:

PISANO, District Judge.

In an Opinion dated October 21, 2008, the Court granted Defendant Granite State Insurance Company's ("Granite State") Motion for Summary Judgment. An accompanying Order was filed on October 22, 2008. Plaintiff, Pine Belt Automotive, Inc. ("Pine Belt"), thereafter filed a Motion for Reconsideration on October 31, 2008. Granite State opposed this Motion. For the reasons set forth herein, the Court denies Pine Belt's Motion for Reconsideration.

**I.     BACKGROUND**[1]

The instant action arose when Pine Belt sought coverage under its insurance policy issued

---

[1] For a full summary of the relevant facts, see *Pine Belt Automotive, Inc. v. Royal Indemnity Co.*, No. 06-5995 (JAP), 2008 U.S. Dist. LEXIS 84393(D.N.J. Oct. 21, 2008).

by Granite State. Specifically, Pine Belt claimed approximately $900,000 in losses after an employee, William Thomson, embezzled money and submitted false loan applications at Pine Belt's expense. Granite State determined that Pine Belt was entitled to only $100,000 in insurance coverage because (1) the embezzlement constituted only a single occurrence under the policy; (2) the losses resulting from the submission of the false loan applications were not considered employee theft under the policy; and (3) there was no coverage under the Truth in Lending provision of the policy, which provides coverage for only negligent acts. Pine Belt filed its Complaint on December 12, 2006 alleging that Granite State breached its insurance agreement when it determined that Pine Belt was only entitled to $100,000 under the policy.

Granite State subsequently filed a Motion for Summary Judgment on August 4, 2008, which Pine Belt opposed. Oral argument was held in the matter on September 21, 2008 and Pine Belt was permitted to supplement the record "if ... there's something [that comes] out in discovery that could affect the outcome" of the motion. Tr. 31:19-22. Thereafter, Pine Belt submitted additional material in a letter dated October 17, 2008. These supplemental materials included: an article from the Asbury Park Press website informing the Court of William Thomson's apparent suicide; a copy of *Titan Industrial Corp., et al v. Federal Ins. Co., et al.*, 94 Civ. 0726 (KMW), 1998 U.S. Dist. LEXIS 23650 (S.D.N.Y. Jan 20. 1998); and a Declination of Coverage letter dated September 30, 2008 from AIG. Despite the additional information, the Court granted Summary Judgment for Granite State. Pine Belt filed this Motion for Reconsideration on October 31, 2008.

**II.    DISCUSSION**

    **A.    Standard of Review**

In New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(I).  L. Civ. R. 7.1(I).  A district court exercises discretion on the issue of whether to grant a motion for reconsideration.  *N. River Ins. Co. v. Cigna Reins. Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995).  A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds:  "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice."  *Id.* at 1218 (internal quotation and editing marks omitted).  The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision."  *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).  Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]"  *Id.* (internal quotation marks omitted).

    **B.    Analysis**

Pine Belt raises three main arguments in support of its motion for reconsideration: (1) the Court overlooked controlling law; (2) there is new evidence that was not previously available; and (3) the Court proceeded upon several clear errors when it overlooked several dispositive factual matters.[2]  The Court will address each one in turn.

    <u>1. Controlling Law</u>

Pine Belt argues that the Court overlooked two controlling cases.  First, Pine Belt claims

---

[2]The Court grouped Pine Belt's six arguments into three categories for organizational purposes.

that the Court disregarded *Auto Lenders Acceptance Corp. v. Gentilini Ford, Inc.*, 181 N.J. 245 (2004). Pl.'s Brief at 5.  In its opinion, the Court spent several paragraphs analyzing the *Auto Lenders* opinion and ultimately concluded that the case was not applicable to Pine Belt's factual scenario. *Pine Belt Automotive, Inc.*, 2008 U.S. Dist. LEXIS 84393 at *13-15.  Although Pine Belt may not agree with the Court's disposition of *Auto Lenders*, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Oritani S&L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (internal citations omitted).  Moreover, a motion for reconsideration may not be used to recapitulate arguments previously considered by the Court.  *G-69*, 748 F. Supp. at 275.

Second, Pine Belt argues that the Court erroneously overlooked the holding of *Titan Industrial Corp., et al v. Federal Ins. Co., et al.*, 94 Civ. 0726 (KMW), 1998 U.S. Dist. LEXIS 23650 (S.D.N.Y. Jan 20. 1998), which used New York criminal law to construe the term "theft" in an insurance policy.  In advancing this argument, Pine Belt misconstrues the motion for reconsideration standard which requires "an <u>intervening</u> change in <u>controlling</u> law." *N. River Ins. Co.*, 52 F.3d at 1218 (emphasis added).  The *Titan* opinion was written and filed in 1998.  As such, it is not an intervening change in law since it was filed more than ten years before the Court rendered its summary judgment decision.  Although the Court did permit Pine Belt to supplement the record after oral argument, the Court did not intend to allow Pine Belt to conduct additional legal research after its briefing papers were submitted.  Rather, the Court wished to be apprised of any additional evidence uncovered during discovery that could potentially affect the outcome of the summary judgment motion. *See* Tr. 31:19-22.  Additionally, an opinion from the Southern District of New York is not controlling law for the purposes of a motion for reconsideration.  *See*

*Owens v. City of Atlantic City*, No. 05-3132 (NLH), 2008 WL 4205797, at *4 (D.N.J. 2008) ("A court's failure to consider another district court's decision on a similar issue is not a sufficient basis for reconsideration, as the other court's opinion is not a 'controlling decision.'") Accordingly, the Court concludes that reconsideration is not warranted on this ground.

      2. Availability of New Evidence

Pine Belt submitted several pieces of evidence that it claims were not previously available. First, Pine Belt argues that the evidence submitted to the Court in its October 17, 2008 letter is new evidence warranting reconsideration of the summary judgment decision. In order for evidence to qualify as "new" a party seeking reconsideration must show that this evidence was unavailable or not known at the time of the original hearing. *Damiano v. Sony Music Entm't*, 975 F. Supp. 623, 636 (D.N.J. 1997). The Court finds that the evidence is not new since it was submitted to the Court prior to its decision on the summary judgment motion. Pine Belt's disagreement with the Court's evaluation of the evidence - in that it did not affect the outcome of the motion - is not sufficient grounds to reconsider its initial decision. *See Hudson v. Siemens Logistics*, No. 04-6438 (NLH), 2008 U.S. Dist. LEXIS 23462 at *3 (D.N.J. Mar. 25 2008) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law. Such disagreements should be dealt with through the normal appellate process.") (internal citations omitted).

Second, in its Reply Brief to Granite State's opposition, Pine Belt submitted copies of depositions of three First Atlantic employees to further support its claim that William Thomson did not intentionally falsify loan applications. However, according to Local Rule 7.1(d)(3) "[n]o reply papers shall be filed on a motion for reconsideration pursuant to L.Civ.R. 7.1(I) ... unless

the Court otherwise orders." As there is no order on the docket permitting Pine Belt to file its Reply, the Court declines to review this evidence or any arguments advanced in the Reply Brief.

        3. The need to correct clear errors

Pine Belt claims that the Court overlooked several dispositive factual matters. First, Pine Belt argues that the Court erred when it found that the Granite State policy excludes coverage for "employee dishonesty". Specifically, Pine Belt argues that the Court should have analyzed the "Notification of Coverage" which instructed Granite State "to use a form in the commercial crime policy which would provide coverage for employee dishonesty." Pl.'s Brief at 10. According to Pine Belt, if the Court had considered this it might have come to a different conclusion. *Id.* Not only is Pine Belt reiterating an argument it made in its opposition to summary judgment but it is, again, simply disagreeing with the Court's finding, namely that extrinsic evidence should not be used in construing an unambiguous insurance policy.

Second, Pine Belt argues that the Court erred in finding that the Granite State Policy specifically excluded losses stemming from employee dishonesty. Similarly, Pine Belt is attempting to re-litigate the issue and has not sufficiently demonstrated a clear error that necessitates a correction by the Court.

Finally, Pine Belt argues that the Court's statement "discovery is closed and Pine Belt has not submitted additional information proving that William Thomson acted negligently rather than intentionally" is a grounds for reconsideration. *Pine Belt Automotive, Inc.*, 2008 U.S. Dist. LEXIS 84393 at *18-19. Pine Belt seeks to submit an expert affidavit by a forensic accountant that may suggest that William Thomson did not act intentionally in submitting some of the falsified loan applications. The Court agrees that Pine Belt is correct that discovery was not

closed, as they had until November 21, 2008 to serve their expert reports. *See* July 16, 2008 Scheduling Order. However, the Court stands by its initial determination that there was no genuine issue of fact necessitating a trial on this issue based on the evidence submitted with the summary judgment motion papers. As such, there is no need to reconsider to prevent manifest injustice to Pine Belt.

### III. CONCLUSION

For the reasons expressed above, Pine Belt's Motion for Reconsideration is denied. An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano<br>JOEL A. PISANO, U.S.D.J.

Dated: February 19th, 2009